NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JAMES DAVID KELLEY, *Petitioner*.

No. 1 CA-CR 15-0586 PRPC
FILED 5-9-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-139226-001
The Honorable Cynthia Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

James David Kelley, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

**B E E N E**, Judge:

**¶1**            James David Kelley petitions for review from the dismissal of his notice of post-conviction relief.  We have considered the petition, and for the reasons stated, grant review but deny relief.

**¶2**            Kelley pled guilty to second degree murder and the trial court sentenced him to a presumptive sixteen-year prison term.  More than a year after his sentencing, he filed an untimely notice of post-conviction relief in which he indicated his intent to raise claims of newly discovered evidence, failure to file timely notice of post-conviction relief was without fault on his part, and actual innocence.  The trial court summarily dismissed the notice, ruling Kelley failed to provide sufficient factual or legal basis to support a claim, and subsequently denied Kelley's motion to reconsider.

**¶3**            On review, Kelley does not argue that the trial court erred in summarily dismissing his notice of post-conviction relief or denying his motion to reconsider.  Instead, Kelley claims his conviction violates the International Covenant on Civil and Political Rights (ICCPR).

**¶4**            The ICCPR does not create judicially-enforceable individual rights, is not self-executing, and has not been given effect by congressional legislation.  *United States v. Duarte–Acero*, 296 F.3d 1277, 1283 (11th Cir. 2002).  Accordingly, the ICCPR is not binding on courts of the United States. *Buell v. Mitchell*, 274 F.3d 337, 372 (6th Cir. 2001).  Thus, the ICCPR does not provide any basis for granting Kelley relief from his conviction.

**¶5**            We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA